## STATE *v.* BLODGETT.

*Examination of Witness.    Assault.    Self-Defense.*

A question in chief after the cross-examination has commenced is out of time, and its allowance addressed to the discretion of the court, from the exercise of which no exception lies.

On indictment for an assault, it appeared that the affray occurred in the highway, and near a brook that ran on the land of the person alleged to have been assaulted, from which respondent had long been accustomed to get water, but which such person had then just fenced out so as to obstruct respondent in so doing. Respondent claimed only that he acted in self-defense ; but requested the court to charge that he had a right to get water, and so a right to use sufficient force. The court charged that the question of that right was material only to the question of whether respondent acted in self-defense. *Held*, that as the force justifiable for the defense of person could not have been greater if the defense of property had also been involved, there was no error.

INDICTMENT for an assault with intent to kill. Plea, not guilty, and trial by jury, September Term, 1875, BARRETT, J., presiding.

The prosecution abandoned the alleged intent, and sought to convict of an assault only; and introduced evidence tending to show that on September 15, 1874, the respondent assaulted one John O'Neil, who was then putting up his highway fence near a certain brook, and threw him down, pounded him, broke one of his ribs, and otherwise injured him. It appeared that for more than twenty years next before the alleged assault, the respondent and his family had been accustomed, under a claim of right so to do, to get water from said brook, at a point near the highway, but that two or three years before the time of trial, O'Neil, who owned the land on both sides of the highway, moved his fence for the first time, so that it obstructed the path by which the respondent had been accustomed to go to the brook as aforesaid. The respondent introduced evidence tending to prove that at the time of the alleged assault, O'Neil having just placed the fence as aforesaid, and forbidden the respondent to get water there, he and his servant were in the highway going to the brook for water; that O'Neil there met him and struck him first, with a cudgel, and that whatever he did to O'Neil he did in self-defense. The defense was put upon that ground alone, and not at all upon the ground of the alleged right to get water. The prosecution claimed that even if O'Neil made the first assault, still, the respondent was not justified in beating him as badly as the evidence for the State tended to prove that he did.

The respondent testified in his own behalf. After his direct examination had been closed, and he had been turned over for cross-examination, and a question on cross-examination had been put, his counsel offered to show by him that O'Neil was of violent temper, and that known to respondent. Objection was made thereto, and the question was not permitted; to which the respondent excepted. Nothing further occurred between counsel and court relative to that subject, no offer being made to put that question after the cross-examination was closed; but there was other evidence tending to prove the fact, and it was argued by the respondent's counsel.

The respondent requested the court to charge that he had a right to get water as aforesaid at the time of the alleged assault,

and that if he had, O'Neil had no right to fence up the path ; that if he had a right so to get water, and was so going after it, and O'Neil undertook to prevent him, he was justified in using as much force as was necessary to overcome such opposition. The court refused so to charge, but charged that in view of the defense made in evidence and argument, the question of the right to get water was material only as it bore upon the question of who made the first assault, and whether what the respondent did was done in self-defense. To the refusal to charge as requested, and to the charge given, the respondent excepted.

*Ray*, *Drew & Heywood*, for the respondent.

The objection to the testimony of the respondent was to the *evidence*, not to the interruption of the cross-examination. The testimony was admissible ; its exclusion was therefore erroneous.

The court should have charged in regard to the respondent's right to get water. The question of his right had a bearing upon the question of excess of force. The respondent's conduct was affected by considerations as to the safety of his rights to property as well as of his rights to personal safety. Both were in peril, and he had a right to act in a reasonable manner for the protection of both.

*State's Attorney* and *George N. Dale*, for the State.

The testimony of the respondent was objected to because it was offered at that time, not because it was in itself inadmissible ; and it was properly excluded. Its exclusion was in the discretion of the court, and the exercise of that discretion is not subject to revision. *Mosseaux* v. *Brigham*, 19 Vt. 457.

It was not claimed that the respondent acted with a view to the vindication of his right to get water. The evidence in regard to that right was introduced merely to show that respondent's purpose in going to the place of the assault was, not to commit the assault. It cannot now be used in the support of a new theory of defense. *Wilmot* v. *Howard*, 39 Vt. 447 ; *Cady* v. *Owen*, 34 Vt. 598 ; *Vaughan* v. *Porter*, 16 Vt. 266.

State *v.* Blodgett.

The opinion of the court was delivered by

REDFIELD, J. I. The respondent was improved as a witness in his own behalf, and after his examination in chief had been completed, and the witness turned over for cross-examination, the respondent's counsel inquired of him if O'Neil was a man of violent and ungovernable temper, which was objected to, and the objection sustained. The inquiry was out of time, and the question addressed to the *discretion* of the court. No exception will lie to the exercise of the discretion of a court. The exceptions state that respondent's counsel did not ask to question the witness on that subject after the cross-examination was closed. It is clear, from the statement of the exceptions, that the inquiry was refused on the ground of its untimely exercise, and not on the ground that the question was not legally proper if it had been seasonably made.

II. It appeared that O'Neil had been accustomed to get water from the brook near the highway for more than twenty years under a claim of right, and that O'Neil had fenced out the brook a few days before this transaction, at the point where respondent had been accustomed to get water.

The respondent's counsel requested the court to charge the jury that the respondent had a right to get water at that place, and having such right, he could lawfully use sufficient force to overcome O'Neil's opposition to his getting water at the accustomed place; which the court declined to do.

The defence was put solely and exclusively on the ground of lawful self-defense by the respondent against an assault made upon him by O'Neil, and in no part or respect that what he did to O'Neil was in the assertion or defence of his right to get water from the brook at the place in question.

The respondent's evidence tended to prove that O'Neil struck him in the highway with a cudgel, and that what he did was in defending himself against such assault.

It does not appear that it was claimed that the assault of O'Neil, if made, was not unlawful, nor that the respondent might not use all necessary force to repel it.

The right of the respondent to defend his *person* against an nnlawful assault, would not be enhanced if it should be proved that he was also defending his right of *property.*   The greater would include the less.   The respondent had the right, clearly, to repel the assault of O'Neil, and use sufficient force to protect himself from harm.   He could use no more force if maintaining his right to the water in the brook.   As the case is stated in the exceptions, we do not think it error that the court refused to charge as requested.   Not that the request did not call for sound law ; but that the case as it was tried, and as it stood before the jury, did not require it, however sound the principle of law which was invoked.

The result is, that the respondent takes nothing by his exceptions ; and the sentence of a fine of $100 and costs by the County Court is affirmed.